Rudolf Joffe v. Commissioner.
Joffe v. Commissioner
Docket No. 3418-63.
United States Tax Court
T.C. Memo 1965-192; 1965 Tax Ct. Memo LEXIS 137; 24 T.C.M. (CCH) 996; T.C.M. (RIA) 65192; July 15, 1965
Rudolf Joffe, pro se, 673 S. Shatto Pl., Los Angeles, Calif. James J. Cotter, for the respondent. FAY
Memorandum Findings of Fact and Opinion FAY, Judge: The Commissioner determined a deficiency in petitioner's income tax for the year 1961 in the amount of $344.64. The issues for decision are (1) whether petitioner is entitled to a deduction of $83.03 [1] as a medical expense and (2) whether petitioner is entitled to a deduction of $1,241.25 as traveling expenses. *138 Findings of Fact Some of the facts have been stipulated, are so found, and the stipulation of facts, together with the exhibits attached thereto, is incorporated herein by this reference. Petitioner resides in Los Angeles, California. He filed his income tax return for the year 1961 with the district director of internal revenue, Los Angeles, California. Petitioner was injured while employed by Empire City Iron Works, Long Island City, New York, on July 1, 1954, and on account of said injury he made a claim to the Workmen's Compensation Board (hereinafter referred to as the Board) in the same year. As a result of the injury, an operation was performed on petitioner in 1956, after which the Board in the year 1957 adjudged petitioner to have sustained a marked permanent partial disability. Because of this accident and the resulting injury, petitioner was unable to work for approximately two years. The Board awarded petitioner $65.69 a month for the time he was disabled. Petitioner appealed from this award to the Board and to the courts, but his appeal was denied. Petitioner moved from New York to Los Angeles, California, in 1958 and has been a resident there since that date. *139 Petitioner was unemployed from May 3, 1951, to October 2, 1961. Petitioner sought to reopen his said case in 1961 based on his claim of further complications stemming from the original injury in 1954. On July 23, 1961, petitioner left California by automobile and after five days of travel arrived in Albany, New York, on July 28, 1961. There he remained four days with his sister. He then departed Albany and arrived in New York City where he stayed with friends and a cousin. Petitioner left New York before Labor Day for his return trip to California. During the time petitioner was in New York, he contacted the Board once and also made four attempts to retain the servies of an attorney. The rest of petitioner's time in New York is unaccounted for. Petitioner's attempt to secure additional compensation from the Board was unsuccessful. In petitioner's 1961 return he claims a deduction of $1,241.25 for the trip to New York, which deduction is stated in his return as follows: Bussiness [Business] trip to New York in
the pursued of my Workmen's
Compensation case July/Sept. 1961
3296 miles at 12 1/2"
$ 412.00
Expenses (7 days at $15.00)
105.00
3495 miles at 15"
524.25
Expenses (10 days at $20.00)
200.00
$1241.25
*140 Petitioner did not offer in evidence any receipts, bills, or cancelled checks to substantiate the aforementioned expenditures. Petitioner in his return for the year 1961 claimed a medical expense deduction in the amount of $55.00 alleged to represent a payment on an accident insurance policy. Petitioner also claimed a medical expense deduction of $28.03 claimed to represent "Telephone, Telegraph and Postage in the pursuance of my case in New York." Both of these items have been disallowed as medical deductions by respondent. Petitioner has failed to introduce any evidence at the trial of this case to substantiate the aforementioned expenses. Opinion Respondent in his deficiency notice disallowed travel expenses in the amount of $1,241.25 and medical expenses in the amount of $83.03. [2] It is respondent's position that petitioner has failed to substantiate the claimed deductions. Furthermore, respondent argues that even if petitioner did substantiate the amounts spent for traveling to New York, the sum is not deductible under either section 162 or 212 of the Internal Revenue Code of 1954. We agree with respondent on both *141 premises. Respondent's notice of deficiency is presumptively correct and the burden of proof is upon petitioner to establish his right to the deductions. Welch v. Helvering, 290 U.S. 111 (1933). Petitioner has not offered any evidence at the trial of this case regarding the claimed deduction for medical expenses in the amount of $83.03, nor has he offered any evidence to substantiate his claimed travel expenses in the total sum of $1,241.25. Petitioner has further failed to show that the travel was performed in carrying on a trade or business (section 162) or for the production of income (section 212). Petitioner having failed to offer any evidence, we have no choice but to hold for respondent on both issues. In view of respondent's concession as to a part of petitioner's claimed medical expense deduction, Decision will be entered under Rule 50. Footnotes
1. Respondent originally disallowed $373.68 of petitioner's claimed $1,519.58 medical expense deduction. However, respondent now concedes that all but $83.03 is deductible by petitioner as a medical expense.↩
2. See footnote 1, supra.↩